UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT



UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.                                    No. 99-4028

SHAWN HENRY,
          *Defendant-Appellant.*


UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.                                    No. 99-4435

ROLAND HUGHES MALONE, JR., a/k/a
Renie,
          *Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-97-118)

Submitted: July 31, 2000

Decided: October 18, 2000

Before MURNAGHAN,* MICHAEL, and KING, Circuit Judges.

---

*Judge Murnaghan was assigned to the panel in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) (1994).

No. 99-4028 affirmed and No. 99-4435 dismissed by unpublished per curiam opinion.

## COUNSEL

Clayman R. Norfleet, DANIEL L. CRANDALL & ASSOCIATES, P.C., Roanoke, Virginia; Wayne D. Inge, Roanoke, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Donald Ray Wolthuis, Assistant United States Attorney, Karie D. Davis, Third-Year Law Student, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Shawn Henry pled guilty to participating in a conspiracy to distribute and possess with intent to distribute heroin, *see* 21 U.S.C. § 846 (1994), and being a felon in possession of a firearm, *see* 18 U.S.C.A. § 922(g)(1) (West 2000). Roland Hughes Malone pled guilty to participating in the conspiracy and to six counts of heroin distribution. *See* 21 U.S.C.A. § 841(a) (West 1999). Henry received a sentence of 150 months imprisonment and six years supervised release. Malone was sentenced to a term of 108 months imprisonment and five years supervised release. Both Henry and Malone appeal their sentences. Henry alleges that the district court clearly erred in determining the amount of heroin attributed to him, his role as a leader in the offense, and his criminal history. *See U.S. Sentencing Guidelines Manual* §§ 2D1.1, 3B1.1(a), 4A1.1 (1998). Malone challenges the extent of the district court's departure for substantial assistance. *See* USSG

§ 5K1.1. We affirm Henry's sentence and dismiss Malone's appeal for lack of jurisdiction.[1]

Henry contests the amount of heroin attributed to him on two grounds. Henry stipulated that he was responsible for between 100 grams and 1.1 kilograms of heroin, but argued unsuccessfully at sentencing that he should be held accountable for no more than 400 grams of heroin. We find first that the district court did not clearly err in finding that Henry was responsible for at least one kilogram of heroin because there was reliable evidence before the court that established that he personally distributed that amount. *See United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996) (clearly erroneous standard of review for factual issues).

Henry also contends that the district court improperly considered information provided by his co-defendants because it was obtained as a result of information he himself provided which, under the terms of his plea agreement, could not be used to enhance his sentence. Self-incriminating information provided pursuant to a cooperation agreement generally may not be used to determine the defendant's guideline range. *See* USSG § 1B1.3(a);[2] *see also United States v. Baird*, 218 F.3d 221, 231 (3d Cir. 2000) (government may not evade § 1B1.8(a) where information obtained as a result of or prompted by defendant's cooperation); *United States v. Gibson*, 48 F.3d 876, 879 (5th Cir. 1995) (no breach where defendant did not provide drug quantity information in first interview and subsequently corroborated information obtained from codefendants).

As the party alleging a breach of the plea agreement, Henry had the burden of proving that the government had breached the agreement. *See United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). However, having raised the issue, Henry failed at sentencing to produce any evidence that information was obtained from other conspira-

---

[1]We have considered the effect of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), and find that, because the defendants' sentences did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. *See United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000).

[2]Certain exceptions set out in § 1B1.8(b) are not pertinent here.

tors through the use of information he had provided. Although the district court called the probation officer as a witness specifically so that the issue could be explored, Henry's attorney did not elicit any testimony concerning the use of his information, and did not call any other witnesses to testify about the debriefing of other conspirators. Because Henry did not prove that the government improperly used his protected information, we find that the district court did not err in considering information obtained from his co-defendants.

Next, Henry argues that, as a supplier, he did not have a position of leadership in the conspiracy. *See* USSG § 3B1.1(a). We disagree. A defendant's position as a major supplier of drugs for the charged conspiracy is relevant to whether he was a leader or organizer. *See United States v. Banks*, 10 F.3d 1044, 1057 (4th Cir. 1993). Henry supplied the distributors in Roanoke with a significant amount of heroin in 1995 and again in 1997. During the latter period, Henry was one of two main suppliers of heroin in Roanoke. Therefore, the district court's determination that Henry was a leader was not clearly erroneous.

Henry also asserts that the district court improperly awarded two criminal history points for an offense committed while on parole, *see* USSG § 4A1.1(d), and another point for an offense committed within two years of his release from custody on a prior sentence, *see* USSG § 4A1.1(e). Henry was paroled in 1993 from a New Jersey drug sentence and discharged from parole in May 1995. The charged conspiracy began in early 1995. The presentence report contained information from a co-conspirator that Henry was supplying heroin in Roanoke in late 1994 or early 1995. Henry argued at sentencing that the information was mere rumor. However, he provided no substantial evidence to rebut it, as was his burden. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (unless defendant shows that factual information in presentence report is inaccurate or unreliable district court may adopt findings in presentence report without further inquiry or explanation). Consequently, the district court did not err in accepting the probation officer's conclusion that Henry entered the conspiracy before June 1995, when he was discharged from parole. Both the two criminal history points under § 4A1.1(d) and the additional point under § 4A1.1(e) were thus properly awarded.

Last, Henry contests one criminal history point he received for a juvenile disposition in which he was placed in the custody of his mother in 1991. The guidelines distinguish between convictions for which a prison sentence is imposed and those for which other forms of punishment are ordered. Two criminal history points are assigned for each adult or juvenile sentence to confinement of at least sixty days, *see* USSG § 4A1.2(d)(2)(A), while one criminal history point is assigned for other adult or juvenile sentences imposed within five years of the instant offense. *See* USSG § 4A1.2(d)(2)(B). However, a diversionary disposition from juvenile court is not counted. *See* USSG § 4A1.2(f). The Sentencing Guidelines do not define the term "diversionary disposition." The general concept of a diversion is a criminal disposition without a conviction. The disposition is normally conditioned on the performance of certain obligations or the participation in counseling programs. If the defendant does not meet these obligations, he is subject to prosecution on the original charges. *See* 4 Wayne R. LaFave et al., *Criminal Procedure* § 13.1(d), at 8 (2d ed. 1999). In this case, the only information in the record about Henry's juvenile disposition is located in the presentence report. It indicates that Henry was found guilty of possession of crack cocaine and placed into the custody of his mother. Virginia law does not specify whether such a disposition is considered diversionary, *see* Va. Code Ann. § 16.1-278.8 (Michie Supp. 2000), and we cannot determine based on the information in the record whether the disposition here was diversionary. Normally, a remand to the district court would be necessary in order to answer this question through a development of the record. *See United States v. DiPina*, 178 F.3d 68, 78 (1st Cir. 1999). In this case, though, even if the district court was in error, the same sentencing range would have applied to Henry. He would have received eight criminal history points instead of nine, which would have left him in the same criminal history category of IV. With an offense level of 33, Henry would have been subject to the same 188- to 235-month period of incarceration. *See* USSG ch. 5, pt. A (Sentencing Table). Therefore, any error that the district court might have committed was harmless, and a remand is not necessary. *See United States v. Sanders*, 41 F.3d 480, 486-87 (9th Cir. 1994) (district court's mistake in computing criminal history points was harmless error because defendant remained in the same criminal history category).

Malone argues that the district court should have departed further in his case. Because the sentence was not imposed in violation of law

and was not the result of an incorrect application of the guidelines, we lack jurisdiction under 18 U.S.C. § 3742(a) (1994) to review the extent of a downward departure. *See United States v. Hill*, 70 F.3d 321, 324 (4th Cir. 1995). We are thus constrained to dismiss Malone's appeal.

Accordingly, we affirm Henry's sentence and dismiss Malone's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 99-4028 - *AFFIRMED*

No. 99-4435 - *DISMISSED*